Anthony Porsio and Mary Porsio v. Commissioner.
Porsio v. Commissioner
Docket No. 79919.
United States Tax Court
T.C. Memo 1961-65; 1961 Tax Ct. Memo LEXIS 282; 20 T.C.M. (CCH) 330; T.C.M. (RIA) 61065; March 10, 1961
Luke F. Binetti, Esq., 742 Bergen Blvd., Ridgefield, N.J., for the petitioners. Chapman H. Belew, Jr., Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in the income tax of petitioners in the amount of $141.96 for the year 1956. The sole issue is whether gains from sales of real estate reported by petitioners on their 1956 income tax return using the installment method are taxable as ordinary income or as capital gain. Findings of Fact Some of the facts have been stipulated, and, as stipulated, they are incorporated herein by reference. Petitioners, husband and wife, are residents of Union City, New Jersey. They filed a joint income tax return for the year 1956 with the district director of internal revenue at Newark, New Jersey. They kept their *283 records and filed their returns on the cash method of accounting and employed the installment basis of reporting gain from sales of real property when possible. Petitioner Anthony Porsio was in the coal and fuel oil business from 1934 to 1945 as an owner and from 1945 to 1949 as an employee. Petitioners made investments in stock in 1949 and in 1953. They sold their stock in 1953 and sustained a loss. During the years 1946 through 1960 petitioners purchased 25 separate parcels of property on which there were dwelling apartments or units providing monthly rental income. Title to all of these properties was held by them in their joint names as tenants by the entirety. Petitioners' purpose in purchasing the properties was at least in part to derive income from rents. The gross rental income and net rental income (before depreciation) reported in their returns for the years 1946 through 1959 were as follows: Gross
Net Rental
Rental
Income (before
Year
Income
depreciation)
1946
$22,561.65
$ 3,852.60
1947
20,849.80
2,717.91
1948
32,624.05
3,583.23
1949
63,279.05
14,359.34
1950
54,231.09
12,643.20
1951
10,311.19
(2,667.30)
1952
18,454.02
2,319.63
1953
9,214.70
135.21
1954
26,480.95
2,764.98
1955
3,445.21
(655.65)
1956
1,140.00
(664.52)
1957
13,839.18
2,886.37
1958
9,378.98
(305.25)
1959
25,666.56
4,848.04
*284 Purchases and sales of properties made by petitioners during the years 1946 through 1960 were as follows: Period
Description
Purchased
Cost
Sold
Price
Retained
1514 Bergenline
7/ 1/46
$76,423.04
1/ 5/51
$91,000
54 Months
309 62nd St.
9/10/46
15,183.95
5/ 2/51
19,000
55 Months
6404 Park
5/12/48
50,960.00
6/ 1/50
55,500
24 Months
5311 Hudson
8/16/48
28,084.69
1/25/51
35,000
29 Months
1113 Bergenline
8/20/48
16,300.56
6/ 1/50
22,100
21 Months
119 60th St.
6/ 1/49
38,569.00
1/25/51
45,300
19 Months
437 56th St.
11/15/50
18,300.00
6/29/51
24,500
7 Months
802-8 6th St.
9/28/51
24,293.94
5/28/52
30,000
8 Months
6506 Dewey
12/13/50
14,198.08
3/15/51
18,500
3 Months
16 Oak St.
10/14/51
17,233.51
8/14/53
21,500
22 Months
5105 Hudson
11/ 9/51
69,668.36
5/28/52
80,000
6 Months
6002 Broadway
6/ 2/52
26,803.73
8/16/54
29,500
26 Months
725 18th St.
1/ 1/54
64,462.71
7/15/54
75,000
7 Months
4603 Hudson
1/ 1/54
43,023.50
1/27/55
54,000
13 Months
4541 Broadway
10/ 1/54
5,564.83
10/31/55
8,300
13 Months
555 Anderson
7/19/55
16,418.00
7/31/56
19,100
12 Months
643-5 Anderson
2/ 1/57
48,973.50
11/ 4/57
60,000
9 Months
6210 Park
3/ 1/57
15,329.50
2/ 1/60
24,500
35 Months
1202 43rd St.
3/ 1/57
9,464.37
1/10/58
13,000
10 Months
522 54th St.
9/12/57
14,716.03
4/ 1/58
23,250
7 Months
209 64th St.
4/15/58
14,126.58
30 Months
(to date)
363 Garfield
2/14/59
30,278.85
5/25/60
36,000
15 Months
709 Palisade
3/14/59
23,840.31
19 Months
(to date)
909 Central
6/15/59
16,326.00
16 Months
(to date)
905 Bergenline
3/20/59
11,247.35
19 Months
(to date)
*285 Since 1946 petitioners have retained rental properties purchased by them an average of 19 months. The number of yearly purchases and sales of such properties were as follows: On Hand at
Year
Purchases
Sales
End of Year
1946
2
0
2
1947
0
0
2
1948
3
0
5
1949
1
0
6
1950
2
2
6
1951
3
6
3
1952
1
2
2
1953
0
1
1
1954
3
2
2
1955
1
2
1
1956
0
1
0
1957
4
1
3
1958
1
2
2
1959
4
0
6
1960 (to 10/25)
2
4
Petitioners liquidated all of their real estate holdings in 1950 and 1951 because of the illness of petitioner Anthony Porsio. A substantial increase in the real estate tax rate in 1952 induced petitioners to sell the property at 5105 Hudson Avenue, West New York, New Jersey. A faulty foundation causing a cellar to flood coupled with a prohibitive cost of repair under rent controls prompted the sale in 1954 of the property at 725 18th Street, Union City, New Jersey. An inadequate and faulty heating system and bad tenant relations precipitated the sale in 1955 of the property at 4603 Hudson Avenue, Union City, New Jersey. The cost of removing hall toilet facilities and placing them in apartments renting *286 as cold water flats prompted the sale in 1955 of the property at 4541 Broadway, Union City, New Jersey. Difficulty in collecting the monthly rent from the sole tenant induced petitioners in 1956 to sell the property at 555 Anderson Avenue. Some sales resulted from unsolicited offers received from real estate brokers and private individuals who ascertained or knew that petitioners owned property in which they were interested, and some were made by brokers acting for petitioners. Petitioners did not expend any great amount of effort in promoting sales, did not advertise their properties for sale, nor engage in any form of advertising that might indicate that they were dealers in real estate. In their income tax return for the year 1956, petitioners reported the portion of the installment payments received by them on sales made during the years 1952 through 1956, which represented profit from such sales, as long-term capital gain, and included 50 per cent thereof in their taxable income. Respondent determined that all of such profit was taxable as ordinary income. Sales of rental properties by petitioners during the years 1952 to 1956, inclusive, do not represent sales of real property *287 held by them primarily for sale to customers in the ordinary course of their trade or business. Opinion RAUM, Judge: Section 1221 of the Internal Revenue Code of 1954 provides that the term "capital asset" does not include, among other things, property held by a taxpayer primarily for sale to customers in the ordinary course of his trade or business. Respondent contends that the properties sold by petitioners during the years 1952 through 1956 fall within this exclusion and that, inasmuch as they do not qualify as capital assets, that part of the proceeds received in 1956 from their sale is taxable as ordinary income and not as long-term capital gains. Petitioners had the burden of proving that the property involved was not property held by them primarily for sale to customers in the ordinary course of trade or business. We think they have sustained their burden. Although petitioners seem to have been interested in making a profit on real estate purchased by them, there does not appear to have been sufficient continuity of activity to justify the conclusion that they were carrying on a business of selling real estate to customers. We have found on the *288 entire record that petitioners did not hold the properties for sale to customers in the ordinary course of trade or business, and accordingly conclude that the portion of the profits realized by petitioners on installment sales reported in their return for the year 1956 is taxable as long-term capital gain and not as ordinary income. Decision will be entered for the petitioners.